UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATALIE TILBERG (a/k/a TASHA TILBERG),<br><br>Plaintiff,<br><br>- against -<br><br>NEXT MODEL MANAGEMENT, INC., FAITH KATES and MILLIE PELLET,<br><br>Defendants. | Case No. _04 Civ. 7373_<br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff Natalie Tilberg, also known as Tasha Tilberg, by her attorneys, Salans, as and for her Complaint against Next Model Management, Inc. ("Next"), Faith Kates and Millie Pellet (collectively, the "Defendants") alleges as follows:

## NATURE OF THE ACTION

1.      Plaintiff Tasha Tilberg, a fashion model, brings this action for, inter alia, compensatory and punitive damages against her former model manager and agent to remedy Defendants' fraudulent conversion of over $150,000 from her model management account. Ms. Tilberg also seeks an accounting of all modeling earnings collected by Defendants on her behalf, as well as the return of all commissions and service fees earned by Defendants during the period of their disloyalty.

## PARTIES

2.      Plaintiff Tasha Tilberg is a world-renown fashion model and a citizen and resident of Canada.

3.      Upon information and belief, defendant Next Model Management, Inc. is a corporation organized and existing under the laws of the State of New York, with its principal

NEWYORK.495125.2

place of business at 23 Watts Street, New York, New York 10013. Next provides personal management services to fashion models and is Plaintiff's former model manager/agent.

4. Upon information and belief, defendant Faith Kates is a citizen and/or resident of New York and is a founder and co-owner of Next, and was involved in managing Plaintiff's accounts at Next.

5. Upon information and belief, defendant Millie Pellet is a citizen and/or resident of New York and a founder and co-owner of Next, and was involved in managing Plaintiff's accounts at Next.

## JURISDICTION AND VENUE

6. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states, and because the amount in controversy in this action exceeds the statutory minimum of $75,000.

7. This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391 because Defendants reside and/or do business in this district.

## FACTUAL ALLEGATIONS

8. Plaintiff Tasha Tilberg is a 25 year old fashion model.

9. From 1996 to September 2003, Defendants served as plaintiff Ms. Tilberg's model manager, agent and advisor. Unbeknownst to Ms. Tilberg, Defendants were stealing from her.

10. As Ms. Tilberg's manager, Defendants were responsible for, inter alia, booking Ms. Tilberg's modeling engagements, providing her with career and management advice, and accounting for and collecting hundreds of thousands of dollars earned by Ms. Tilberg in her modeling assignments.

- 2 -

11.    Because of Ms. Tilberg's young age and lack of business experience, she heavily relied on Defendants to manage all aspects of her business and financial affairs.

12.    Defendants were compensated for their services by earning a 20% "management fee" from Ms. Tilberg's gross earnings.  This management fee typically was exacted by Defendants from Ms. Tilberg's account before her earnings were disbursed to her by Defendants.

13.    Periodically, Defendants delivered a statement of account to Ms. Tilberg which indicated the amount of her gross earnings during the period, and the management fees that were exacted by Defendants from those earnings.

14.    From these reports, Ms. Tilberg was able identify her gross and net earnings during a particular period and the amount of Defendants' corresponding management fees.

15.    Beginning no later than July 2001, Defendants devised a scheme to convert an amount of Ms. Tilberg's earnings for their own use without her knowledge or consent.

16.    Defendants' operated their scheme by falsely reporting to Ms. Tilberg the amount of proceeds received from a client on her behalf.

17.    By intentionally underreporting the amount of Ms. Tilberg's reported gross proceeds, Defendants were able to exact an illegal payment – permanently converting a portion of Ms. Tilberg's earnings to themselves.

18.    As set forth in the chart below, Ms. Tilberg has identified not less than ten specific instances between July 17, 2001 and May 5, 2003, in which Defendants deliberately and fraudulently converted at least $152,833 of Ms. Tilberg's proceeds.

- 3 -

### DEFENDANTS' FRAUDULENT EARNING REPORTS AND DEDUCTIONS

| Date | Plaintiff's Earnings As Reported by Defendants | Plaintiff's Earnings <u>Actually</u> Received by Defendants | Net Amount of Unauthorized Deductions |
|---|---|---|---|
| July 17, 2001 | $8,333 | $10,000 | $1,667 |
| Sept. 24, 2001 | $104,167 | $125,000 | $20,833 |
| Nov. 7, 2001 | $8,333 | $10,000 | $1,667 |
| Dec. 14, 2001 | $8,333 | $10,000 | $1,667 |
| Feb. 20, 2002 | $62,500 | $75,000 | $12,500 |
| Mar. 22, 2002 | $1,667 | $2,000 | $333 |
| Apr. 16, 2002 | $8,333 | $10,000 | $1,667 |
| June 4, 2002 | $166,667 | $200,000 | $33,333 |
| Nov. 5, 2002 | $166,667 | $200,000 | $33,333 |
| May 5, 2003 | $229,167 | $275,000 | $45,833 |
| **Total** | **$880,334** | **$1,054,001** | **$152,833** |

19.    Each defendant had actual knowledge of the foregoing false earning reports and the corresponding unauthorized deductions from Ms. Tilberg's account.

20.    In particular, defendant Ms. Kates and defendant Ms. Pellet were in charge of managing defendant Next's day-to-day operations, and were involved in making the decision to issue false reports to Ms. Tilberg and to make unauthorized withdrawals from her account.

21.    Ms. Tilberg uncovered Defendants' fraud by comparing disbursement records obtained from certain of Ms. Tilberg's fashion clients with the corresponding receipts reported to her by Defendants.

22.    When Ms. Tilberg (and/or her mother) first raised the issue of missing revenues with defendant Ms. Pellet in early 12003, she denied that the practice was occurring.

23.    After Ms. Pellet was given evidence of Defendants' misconduct, she acknowledged the hidden deductions, and attempted to characterize them as Defendants' "standard practice" of exacting a "service fee" from model engagements in which Defendants were unable to obtain a third party fee from the model's client.

- 4 -

24.    Ms. Pellet's explanation was not credible.

25.    The third party contract (between Ms. Tilberg and CoverGirl) under which Ms. Tilberg earned the revenues in question provided that Defendants were not to earn any commissions or service fees in connection with that agreement.

26.    In addition, Defendants were charged with acting as Ms. Tilberg's loyal fiduciary and agent – a responsibility that obviously conflicted with Defendants' purported "standard practice" of secretly underreporting the amount of Ms. Tilberg's earnings in order to convert the difference for their own benefit.

27.    In light of Defendants' acknowledged and intentional fraud, on or about September 2003, Ms. Tilberg terminated the parties' relationship.

28.    Through her attorneys, Ms. Tilberg has delivered numerous requests demanding payment from Defendants.

29.    Despite their express knowledge of the foregoing misconduct, Defendants continue to refuse to return Ms. Tilberg's unlawfully withheld earnings.

### FIRST CAUSE OF ACTION
### (Common Law Fraud)

30.    Plaintiff Ms. Tilberg repeats and realleges the allegations set forth in paragraphs 1 through 27 above as though fully set forth herein.

31.    Defendants intentionally and materially misrepresented to Ms. Tilberg the amount of payments collected by Defendants on her behalf.

32.    Each defendant had actual knowledge that the earnings reports they issued to Ms. Tilberg materially misstated the amount of her earnings.

- 5 -

33.     Defendants issued these false reports with the intent of depriving Ms. Tilberg of her modeling earnings, and with the intent of inducing her to continue to retain their management services.

34.     Defendants also attempted to conceal their misrepresentation by hiding behind their status as Ms. Tilberg's manager and agent. As Defendants' client, Ms. Tilberg reasonably relied on the truthfulness of the checks and monthly earning reports sent to her by Defendants.

35.     As a result of Defendants' intentional and fraudulent conduct, Ms. Tilberg has been damaged in an amount to be determined at trial, but not less than $152,833, plus interest and costs.

36.     Defendants' aforementioned conduct was intentional, malicious, fraudulent, and in willful and wanton disregard of Ms. Tilberg's rights. Accordingly, Defendants are liable to Ms. Tilberg for punitive damages in an amount to be determined at trial, but not less than $1,000,000, plus attorneys' fees and costs, plus attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### (Breach Of Fiduciary Duty)

37.     Plaintiff Ms. Tilberg repeats and realleges the allegations set forth in paragraphs 1 through 36 above as though fully set forth herein.

38.     As Ms. Tilberg's trusted agent and manager, Defendants owed a fiduciary duty to Ms. Tilberg to carry out their work for her with the utmost good faith, loyalty, and honesty.

- 6 -

39.    As set forth above, Defendants breached these fiduciary duties by, <u>inter alia</u>, fraudulently concealing from Ms. Tilberg the payments they collected on her behalf for a period of at least two and a half years.

40.    By reason of Defendants' breaches of their fiduciary duties, Ms. Tilberg has suffered damages in an amount to be determined at trial, but not less than $152,833, plus interest and costs.

41.    Defendants' intentional and fraudulent breaches of their fiduciary duties to Ms. Tilberg precludes their retention of any profits, management fees or other earnings obtained by them in connection with their representation of Ms. Tilberg.  Ms. Tilberg accordingly is entitled to recover as damages the ill-earned management fees and other moneys received by Defendants during the entire period of their fraud (to be determined at trial), but in any event, from no later than July 17, 2001 to May 5, 2003, and in an amount to be determined at trial, but not less than $500,000, plus interest and costs.

42.    Further, in light of Defendants' intentional and malicious breach of their fiduciary duties to Ms. Tilberg, Defendants are liable to Ms. Tilberg for punitive damages in an amount to be determined at trial, but not less than $1,000,000, plus attorneys' fees and costs.

## THIRD CAUSE OF ACTION
### (Conversion)

43.    Plaintiff Ms. Tilberg repeats and realleges the allegations set forth in paragraphs 1 through 42 above as though fully set forth herein.

44.    As set forth above, Defendants were charged with collecting and safeguarding Ms. Tilberg's modeling earnings.

- 7 -

- 8 -

45.    Instead, Defendants intentionally converted a substantial portion of Ms. Tilberg's modeling earnings to themselves without her knowledge or consent.

46.    Defendants' unlawful conversion of Ms. Tilberg's property has damaged her in an amount to be determined at trial, but not less than $152,833 plus interest and costs.

47.    Further, in light of Defendants' intentional and malicious conversion of Ms. Tilberg's property, Defendants are liable to Ms. Tilberg for punitive damages in an amount to be determined at trial, but not less than $1,000,000, plus attorneys' fees and costs.

## FOURTH CAUSE OF ACTION
### (Breach Of Contract)

48.    Plaintiff Ms. Tilberg repeats and realleges the allegations set forth in paragraphs 1 through 47 above as though fully set forth herein.

49.    As Ms. Tilberg's fiduciary and agent, Defendants were contractually obligated to truthfully account for Ms. Tilberg's gross revenues and earnings.

50.    Defendants willfully and materially breached these contractual obligations by making secret unauthorized deductions from Ms. Tilberg's account and modeling revenues.

51.    At all times relevant to this action, Ms. Tilberg duly performed her contractual obligations as a model under management by Defendants.

52.    As a result of Defendants' breach of their contractual obligations, Ms. Tilberg has suffered damages in an amount to be determined at trial, but not less than $152,833 plus interest and costs.

- 8 -

## FIFTH CAUSE OF ACTION
### (Breach of Duty of Good Faith and Fair Dealing)

53.    Plaintiff Ms. Tilberg repeats and realleges the allegations set forth in paragraphs 1 through 52 above as though fully set forth herein.

54.    Under New York law, Defendants were obligated to follow a course of good faith and fair dealing in their contractual and fiduciary relationship with Ms. Tilberg.

55.    Defendants breached this duty by making unauthorized deductions from Ms. Tilberg's earnings and by then fraudulently concealing these deductions from her.

56.    As a result of Next's breach of the implied duty of good faith and fair dealing, Ms. Tilberg has suffered damages in an amount to be determined at trial, but not less than $152,833 plus interest and costs.

## SIXTH CAUSE OF ACTION
### (Unjust Enrichment)

57.    Plaintiff Ms. Tilberg repeats and realleges the allegations set forth in paragraphs 1 through 56 above as though fully set forth herein.

58.    By reason of the foregoing, Defendants have been unjustly enriched at Ms. Tilberg's expense by converting for their own use not less than $152,833 in unauthorized deductions from Ms. Tilberg's earnings.

59.    Defendants also have been unjustly enriched at Ms. Tilberg's expense by collecting hundreds of thousands of dollars in management fees from her while simultaneously making unauthorized secret deductions from her account.

60.    Ms. Tilberg accordingly seeks restitution and constructive trust of Defendants' ill-gotten gains, including all commissions and other service fees received by Defendants during the period in which fraudulent deductions were made from Ms. Tilberg's

- 9 -

account in an amount to be determined at trial, but not less than $500,000, plus interest and costs.

Further, in light of Defendants' intentional and malicious conduct towards Ms. Tilberg,

Defendants are liable to Ms. Tilberg for punitive damages in an amount to be determined at trial,

but not less than $1,000,000, plus attorneys' fees and costs.

## SEVENTH CAUSE OF ACTION
### (Accounting)

61.    Plaintiff Ms. Tilberg repeats and realleges the allegations set forth in paragraphs 1 through 60 above as though fully set forth herein.

62.    Defendants owed a fiduciary duty to Ms. Tilberg arising from their role as Ms. Tilberg's manager and agent, and from the trust and confidence Ms. Tilberg reposed in Defendants with respect her financial interests.

63.    Defendants have conceded to deducting unauthorized amount from Ms. Tilberg's earnings.  Ms. Tilberg has reason to believe that Defendants may have deducted other unauthorized amounts and concealed these deductions.

64.    Ms. Tilberg, through her counsel, has made oral and written demands to review Defendants' books and records concerning Ms. Tilberg's management, and Defendants have failed to fully comply with these requests.

65.    Ms. Tilberg has no other adequate remedy at law, and therefore requests an accounting of all funds received by Defendants on behalf of Ms. Tilberg and all funds paid out to Ms. Tilberg from Defendants from the inception of the parties' relationship in 1996 until September 2003.

WHEREFORE, Plaintiff Tasha Tilberg demands judgment in her favor as follows:

- 10 -

NEWYORK.495125.2

(a)    As to the First Cause of Action (Common Law Fraud), compensatory damages in an amount to be determined at trial, but not less than $152,833 plus interest and costs, and punitive damages in an amount to be determined at trial, but not less than $1,000,000, plus attorneys' fees and costs.

(b)    As to the Second Cause of Action (Breach of Fiduciary Duty), compensatory damages in an amount to be determined at trial, but not less than $152,833 plus interest and costs, the disgorgement of all profits and management fees earned during the period of Defendants' disloyalty in an amount to be determined at trial, but not less than $500,000, and punitive damages in an amount to be determined at trial, but not less than $1,000,000, plus attorneys' fees and costs.

(c)    As to the Third Cause of Action (Conversion), compensatory damages in an amount to be determined at trial, but not less than $152,833 plus interest, and punitive damages in an amount to be determined at trial, but not less than $1,000,000, plus attorneys' fees and costs.

(d)    As to the Fourth Cause of Action (Breach of Contract), compensatory damages in an amount to be determined at trial, but not less than $152,833 plus interest and costs.

(e)    As to the Fifth Cause of Action (Breach of Duty of Good Faith and Fair Dealing), compensatory damages in an amount to be determined at trial, but not less than $152,833 plus interest and costs.

(f)    As to the Sixth Cause of Action (Unjust Enrichment), restitution and constructive trust of Defendants' ill-gotten gains, including all commissions and other service fees received by Defendants during the period in which fraudulent deductions were made from

- 11 -

Ms. Tilberg's account in an amount to be determined at trial, but not less than $500,000, plus interest and costs, and punitive damages in an amount to be determined at trial, but not less than $1,000,000, plus attorneys' fees and costs.

(g)     As to the Seventh Cause of Action (Accounting), an accounting of all funds received by Defendants on behalf of Ms. Tilberg and all funds paid out to Ms. Tilberg from Defendants from the inception of the parties' relationship in 1996 until September 2003.

(h)     Ms. Tilberg's attorneys' fees and expenses, and the costs and disbursements of this action.

(i)     Awarding such other relied as the Court deems just and proper.

## JURY DEMAND

Plaintiff respectfully demands a jury trial of all claims that may be tried before a jury.

Dated: New York, New York
      September 15, 2004

SALANS

By: _____

    Peter J. Gallagher     PG-8927
    J. Noah Hagey        JH-9723
    Attorneys for Plaintiff Natalie Tilberg (a/k/a
      Tasha Tilberg)
    620 Fifth Avenue
    New York, NY 10020
    (212) 632-5500

- 12 -

NEWYORK.495125.2