**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

NATALIE TILBERG (a/k/a TASHA TILBERG),

                Plaintiff,

                - against -

NEXT MANAGEMENT CO., et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

**04 Civ. 7373 (RJH) (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. BACKGROUND

Discovery in this case involves a forensic search of defendant Next Management's ("Next") computer files. After a conference with the parties on July 26, 2005, I ordered Next to make the company's e-mail servers available to plaintiff Natalie Tilberg's ("Tilberg") forensic specialist, with the parties to share the cost equally. According to an October 12, 2005 letter from Tilberg's counsel ("Tilberg Letter"), when the forensic specialist went to Next on August 30-31, 2005, he could not access one of the two servers. As Next explained in a letter on October 13, 2005 ("Next Letter"), the system crashed several times. On October 6, 2005, Tilberg requested that Next set a new date for the forensic specialist to attempt to access the second server, but Next refused. Tilberg Letter, Exh. A. The parties have exchanged expert reports and Next deposed Tilberg's expert on October 12, 2005. The discovery deadlines for fact discovery, August 31, 2005, and for expert discovery, September 30, 2005, have now passed. District Judge Howell has ordered the parties to participate in a settlement conference before the undersigned.

## II. TILBERG'S REQUESTS

Given the incomplete forensic search, Tilberg now asks the Court to order Next to make the second server available. Tilberg contends that the parties, as well as the Court, contemplated the computer searches might extend beyond the discovery deadline. Tilberg argues that it is critical to complete discovery before participating in a settlement conference. Tilberg also asks the Court for an expansion of the computer forensic searching in two ways: 1) to allow the specialist to search Next's central server for non-e-mail documents; and 2) to allow the specialist to search the desktop computers of defendants Faith Kates and Milie Pellet.

With regard to a search of the central servers, Tilberg offers an August 24, 2005 affidavit from Next's Information Technology consultant, German Galvis ("Galvis"), which indicates that some documents were saved centrally. The previous understanding between the parties and the Court was that all documents were saved at individual work-stations, which would be time-consuming and expensive to search. Tilberg argues that she should have access to the central servers since the additional time and expense of searching the central server is not extensive.

With regard to a search of the Kates and Pellet desktop computers, Tilberg argues that she should be allowed to conduct this discovery after the deadline because the specialist's search reveals that Next avoided producing documents by claiming they did not exist, requiring an expensive forensic search which has revealed that responsive documents do exist. Tilberg Letter at 3. On April 27, 2005, Next submitted an affidavit from Galvis indicating that the entire computer system had no documents relating to Tilberg. Tilberg Letter, Exh. C. Tilberg's forensic specialist, however, found 187 occurrences of the word "Tilberg" in "active space," which could have been found with standard search tools, and 97 occurrences of "Tilberg" in

deleted files.¹ **Id**. at 3. Tilberg argues that Next should have produced these files without the need for a forensic search. Tilberg also presents documents she has received from third parties which were never produced by Next, and which also serve as evidence that documents do exist despite Next's claims to the contrary. **Id**.

Tilberg also asks that the Court review *in camera* the documents the specialist did collect and which Next claims are privileged. Finally, Tilberg requests that the Court order David Jaroslawicz ("Jaroslawicz"), Next's counsel, to produce documents responsive to a subpoena served on August 31, 2005. Tilberg received other documents produced by other parties which indicate that Jaroslawicz has more responsive documents than he has claimed to possess, and which Next has failed to produce. According to Tilberg, these documents indicate that Jaroslawicz is in possession of responsive documents because he was involved in negotiating the contract at issue in the case and received correspondence related to the payment of service fees on that contract.

### III. NEXT'S RESPONSES

Next's primary response to Tilberg's request, both to this Court and in letters to Tilberg is that the discovery deadline has passed. Next Letter at 1. Next further argues that no more discovery should be granted because the partial forensic search failed to unearth any relevant e-mails. **Id**. at 1-2. Next also claims the e-mails that were collected are protected by the attorney client privilege and/or constitute attorney work-product. **Id**. at 2. Next does not respond to Tilberg's factual assertions with respect to the results of the initial search, or the contention that Next submitted erroneous sworn statements that no documents existed. Finally, Next has also

---

¹Because Tilberg is not a common name, it is reasonable to assume that these references are to plaintiff.

not responded to Tilberg's arguments in support of the August 31, 2005 subpoena for documents from counsel Jaroslawicz.

## IV. DISCUSSION

Next's position is without merit. It should have been clear to Next that Tilberg would be allowed to complete the discovery already begun before the cut-off date. Indeed, much of the discussion at the July 26, 2005, conference was a method of ascertaining what information was available from a forensic search as a prelude to further application from Tilberg.

This Court's earlier orders were permised on an understanding that a broader search for documents could be reasonable, depending on the cost and time such a search would incur, balanced with the likelihood of finding relevant documents. The search was originally limited in scope based on sworn statements submitted by Next indicating that its search had produced no relevant documents. Those statements now appear to have been in error, and Next has not challenged the factual underpinning of Tilberg's application. It also appears that the entire forensic search could have been avoided had Next produced documents that were available through a standard search. Based on the uncontroverted statements by Tilberg, it appears that relevant documents exist on Next's e-mail servers, central server, and individual work-stations. Having failed to produce these documents, Next will be required to allow Tilberg to perform a complete search of the Next computer system.

Next has also failed to respond to Tilberg's request regarding the Jaroslawicz subpoena. The information requested appears to be relevant to the case and relates to documents Next should have produced in response to Tilberg's original requests. Either Next or Jaroslawicz must respond to these requests.

Finally, while Next indicated at the July 26, 2005 conference that privileged information could be uncovered in the forensic search, Next made no designations of privileged categories before the search took place, as ordered by the undersigned in that conference. Next now also claims that the documents collected by the forensic specialist are irrelevant. Since Next has either inadvertently or deliberately delayed and obstructed discovery in this case, claims that a document is irrelevant shall not justify non-production of such document. Next must create a privilege log for all documents withheld on that basis.

**IT IS HEREBY ORDERED THAT**

1) Jaroslawicz will respond to Tilberg's subpoena by **November 2, 2005**;

2) Next will allow Tilberg's forensic specialist access to the second e-mail server, the central server, and the Kates and Pellet desktop computers by **November 2, 2005**;

3) any additional expert discovery will be complete by **November 15, 2005**;

4) Next will produce documents now claimed as privileged OR submit a detailed privilege log to the Court and plaintiff by **November 15, 2005**;

5) the parties will appear for a settlement conference before the undersigned on **November 16, 2005, at 2:30 p.m.**; and

6) the parties will submit a joint pretrial order, in accordance with the rules of District Judge Howell by **December 15, 2005**.

**SO ORDERED this 24th day of October 2005**
**New York, New York**

_____
The Honorable Ronald L. Ellis
United States Magistrate Judge