USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/17/06 OS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATALIE TILBERG a/k/a TASHA TILBERG,

          Plaintiff,

- against -

NEXT MANAGEMENT CO., et al.,

          Defendants.

OPINION AND ORDER

04 Civ. 7373 (RJH) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Plaintiff, Natalie Tilberg ("Tilberg"), has brought suit against her former modeling representatives, Next Model Management Company ("Next"). Discovery in this case involves a forensic search of defendant Next's computer files. Next asserts that various documents uncovered in the search are privileged and has submitted a privilege log pursuant to an order by this Court on November 28, 2005. Upon Tilberg's request, this Court reviewed twenty documents *in camera* (see December 8, 2005 order), which Next claims are privileged as attorney work-product. For the following reasons, I find the documents appear to be privileged, but require an affidavit from counsel confirming that the information was requested by counsel.

## II. DISCUSSION

The documents at issue are all e-mails between defendant Milie Pellet ("Pellet), an employee of Next Model Management Company, and either German Galvis ("Galvis"), the company's Information Technology consultant, or Rubing Yan ("Yan"), an employee of the company's accounting department. The e-mails, in large part, are brief discussions between the employees apparently responsible for preparing documents for release in discovery. One of the

e-mails indicates that counsel asked for the documents mentioned.

The party claiming a privilege bears the burden of establishing the privilege. **In re Honeywell Int'l, Inc. Sec. Litig.**, 230 F.R.D. 293, 298 (S.D.N.Y. 2003) (*citing* **von Bulow v. von Bulow**, 811 F.2d 136, 144 (2d Cir. 1987)). Next submitted nothing to attempt to meet this burden besides the documents and the claim itself as listed in the privilege log. However, Tilberg also submitted nothing to counter Next's claim besides a statement that she considers it "doubtful" that the privilege applies.

"Under Rule 26(b)(3) [of the Federal Rules of Civil Procedure ("FRCP")], three conditions must be satisfied in order to establish work product protection. The material in question must: (1) be a document or tangible thing, (2) which was prepared in anticipation of litigation, and (3) was prepared by or for a party, or by or for its representative." **Id.** (*quoting* **Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.**, 105 F.R.D. 16, 41 (S.D.N.Y. 1984)). Obviously the classic work product document is a letter or memorandum prepared by the attorney. However, the privilege also applies to documents prepared by a client, and the client can also invoke the privilege. *See* **In re Grand Jury Proceedings**, 2001 WL 237377, at *17 n.17 (S.D.N.Y. Mar. 2, 2001); **In re Grand Jury Proceedings**, 604 F.2d 798, 801 (3d Cir. 1979).

Here, apparently upon the request of counsel, Pellet communicated over e-mail with other Next employees about preparing documents for discovery. The e-mails are tangible objects prepared in anticipation of litigation by a party to this case, meeting all elements of FRCP 26(b)(3). Furthermore, the privilege is not waived simply because of the involvement of non-parties Galvis and Yan. "Unlike the attorney-client privilege, where the rules of waiver are rather

well defined and where privilege is lost if a privileged item is shared with a third party . . . work product protection is not necessarily waived by disclosures to third persons." **Medinol, Ltd. v. Boston Scientific Corp.**, 214 F.R.D. 113, 114-15 (S.D.N.Y. 2002) (citations omitted). In particular, sharing litigation strategy does not waive the privilege where experts, such as an accountant, are engaged to assist with some aspect of the litigation. Id. at 115. Only "where the third party to whom the disclosure is made is not allied in interest with the disclosing party or does not have litigation objectives in common, the protection of the doctrine will be waived." Id. That is not the case here. Instead, it appears Galvis and Yan were asked to assist with producing the appropriate documents to respond to Tilberg's discovery requests. As employees of Next, their interests are aligned with the company. The documents are covered by the attorney work-product privilege if requested as part of litigation.

**THEREFORE IT IS ORDERED** that counsel for Next shall submit an affidavit by **January 6, 2006**, confirming that the information was requested "in anticipation of litigation."

**SO ORDERED this 28th day of December 2005**
**New York, New York**

*(signature)*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**